NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0533n.06

No. 10-3401

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Aug 02, 2011*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,              )
                                       )
        Plaintiff-Appellee,            )
                                       )
v.                                     )       ON APPEAL FROM THE UNITED
                                       )       STATES DISTRICT COURT FOR THE
MICHAEL A. SPICER,                     )       SOUTHERN DISTRICT OF OHIO
                                       )
        Defendant-Appellant.           )

Before:  BOGGS, GILMAN, and COOK, Circuit Judges.

COOK, Circuit Judge.  After a grand jury indicted Michael Spicer on drug charges, he moved to suppress evidence that police obtained from his hotel room.  The district court denied the motion, holding that the private-search doctrine permitted the officers to search his room without a warrant. Because this doctrine does not extend to residential searches, and because the court declined to address other exceptions to the warrant rule, we vacate the decision and remand the case.

I.

On the morning of July 26, 2007, Spicer left his non-smoking room at the Marriott to have a smoke in the parking lot.  While he was out, a housekeeper entered his room, where she was struck by the smell of smoke and the presence of marijuana residue on the floor.  Following hotel procedure, she showed the room to her supervisor and then notified the front desk that someone in

the room had violated the Marriott's no-smoking policy.

The Marriott's Human Resource Supervisor and Assistant Manager went to the room to document the infraction. They smelled smoke, saw marijuana buds, and noticed a backpack on a chair. Believing the room to be vacant, they picked up the bag and unzipped it, hoping to find contact information inside; instead, they found what appeared to be drugs. This prompted a call to the General Manager (GM), who said that he thought he had re-keyed the room's door, and another call to the police.

Two police officers responded and approached the hotel's front desk. The staff informed them of the backpack situation, and the GM brought them to Spicer's room. Much to general surprise, the alleged re-keying apparently failed, because Spicer had re-entered the room. The officers told Spicer to vacate the room and wait with them in the hallway until detectives arrived. He complied.

Ten minutes later, two narcotics detectives joined the scene, and the GM escorted them inside the room. The detectives performed a protective sweep to ensure that the room had no other occupants, and they observed the unzipped, drug-filled backpack in plain view. They then exited the room, arrested Spicer, and obtained a search warrant. Their subsequent search revealed that Spicer's backpack contained approximately three kilograms of cocaine wrapped in cellophane.

A grand jury charged Spicer with possession with intent to distribute over five hundred grams

of cocaine, *see* 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii), and Spicer moved to suppress the drugs

evidence. He argued that the detectives' warrantless "sweep" violated his constitutional rights,

rendering the evidence inadmissible. But the district court denied the motion, noting that the hotel

employees discovered the drugs during a private search, and that, under *United States v. Jacobsen*,

466 U.S. 109 (1984), the police could retrace the private search without a warrant.

In view of this ruling, Spicer entered a conditional plea of guilty. The district court sentenced

him to sixty-three months' imprisonment, followed by five years of supervised release. He now

appeals the denial of his motion to suppress.

II.

We review the district court's factual findings for clear error, viewing the evidence in the

light most favorable to the government. *United States v. Perez*, 440 F.3d 363, 365–66 (6th Cir.

2006). And we give a fresh look to its legal conclusions. *Id.*

The Fourth Amendment cloaks a hotel-room guest with a reasonable expectation of privacy,

which "makes a warrantless search of [his] . . . room unreasonable unless it falls within an exception

to the warrant requirement." *United States v. Caldwell*, 518 F.3d 426, 429 (6th Cir. 2008). One such

potential exception is the private-search doctrine.

Under this doctrine, police officers may, under certain circumstances, retrace a private

individual's search without obtaining a warrant. The doctrine finds its roots in *United States v.*

*Jacobsen*, a case involving a federal agent's warrantless search of a suspicious package that Federal Express employees had already opened. 466 U.S. at 111–12. Using as its foundation the fact that the Fourth Amendment is "wholly inapplicable" to private-party searches, *id.* at 113, the Court held that "[t]he agent's viewing of what a private party had freely made available for his inspection did not violate the Fourth Amendment," *id.* at 119. It noted that the hotel employees destroyed any "privacy interest in the contents of the package," *id.*, and that "the agent's visual inspection of [its] contents enabled the agent to learn nothing that had not previously been learned during the private search," *id.* at 120.

The district court viewed this case as a cut-and-dried application of *Jacobsen*'s private-search doctrine, noting that private hotel employees discovered Spicer's drugs, and that the police properly retraced their search without uncovering anything new. On appeal, Spicer contends that the court "made insufficient findings of fact[] to support its application of the 'private[-]search doctrine.'"

The problem is this: we have already explained, unequivocally, that we are "unwilling to extend the holding in *Jacobsen* to cases involving private searches of residences." *United States v. Allen*, 106 F.3d 695, 699 (6th Cir. 1997). Recognizing the difference between one's privacy interest in a residence and one's privacy expectation in an opened parcel, we decline to stretch the private-search doctrine to residential searches, including police searches of hotel rooms premised on private employees' discoveries. *Id.* at 698–99; *see also United States v. Williams*, 354 F.3d 497, 510 (6th Cir. 2003). Spicer is thus right, but for the wrong reason—it is not that the district court failed to

properly apply *Jacobsen*; it is that *Jacobsen* does not apply at all.

A look at the district court's decision shows us why this error occurred. The district court cites *United States v. Richards*, 301 F. App'x 480 (6th Cir. 2008), in which, it says, we applied the private-search doctrine to a police search of a "hotel room" that followed hotel employees' private discovery of child pornography. In fact, *Richards* did not involve a hotel room, or any residence for that matter: the pornography was found in a storage unit, by employees of the storage unit. *Id.* at 481–82. And the court also cites *United States v. Clutter*, 914 F.2d 775 (6th Cir. 1990), which it correctly notes involved a police search of a private residence. But *Clutter* preceded *Allen*, its discussion of *Jacobsen* occurred in dicta, and we have explicitly recognized that its "failure to make any real distinction between a federal express package and a home . . . casts doubt on the alternative holding in that decision." *Williams*, 354 F.3d at 510.

Of course, the district court's misapplication of *Jacobsen* does not end the matter because Spicer's reasonable expectation of privacy may have been properly extinguished through other means. The court could have found, as the Government argued below, that the GM had divested Spicer of his status as an occupant of the room, entitling the GM to consent to a police search. *See, e.g.*, *Allen*, 106 F.3d at 699–700. Or it could have found, as also argued below, that a protective sweep was warranted because the detectives had "a reasonable belief based on specific and articulable facts . . . that the area swept harbored an individual posing a danger." *Maryland v. Buie*, 494 U.S. 325, 327 (1990) (internal quotation marks and citation omitted).

But the district court expressly declined to address these issues, and the parties accordingly have not briefed them here. As Spicer acknowledges, the court "rest[ed] its decision solely on its application of the private[-]search doctrine and did not make any findings of fact[] or conclusions of law relating to any [other] exceptions to the Fourth Amendment warrant requirement." We agree and remand so that it may do so now.

III.

For these reasons, we vacate the district court's order denying Spicer's motion to suppress and remand for further proceedings consistent with this opinion.