NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a1024n.06

No. 12-3713

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Dec 11, 2013

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE SOUTHERN |
| | ) | DISTRICT OF OHIO |
| MICHAEL A. SPICER, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: GIBBONS and WHITE, Circuit Judges; and GREER, District Judge.[*]

**GREER, District Judge**. On July 25, 2007, Michael A. Spicer ("Spicer") checked into the Marriott Courtyard Hotel near the airport in Columbus, Ohio. On the morning of July 26, Spicer left his non-smoking room to smoke in the parking lot. While he was out, a housekeeper entered his room, mistakenly believing it to have been vacated. The housekeeper smelled marijuana smoke and observed marijuana in the room. Her supervisors were notified and a large quantity of cocaine was found in the room. Hotel personnel attempted to lock Spicer out of the room and police were called. Approximately three kilograms of cocaine were found in the room. Spicer was charged with one count of possession with intent to distribute more than 500 grams of cocaine.

---

[*] The Honorable J. Ronnie Greer, United States District Judge for the Eastern District of Tennessee, sitting by designation.

Spicer moved to suppress the cocaine, but the district court held that the private search doctrine permitted the search of the defendant's hotel room without a warrant. After the entry of a conditional guilty plea, Spicer appealed the suppression issue to this Court. We held that the private search doctrine did not extend to residential searches and remanded the case for the district court to consider whether other exceptions to the warrant requirement applied. *See United States v. Spicer*, 432 F. App'x 522, 2011 WL 3288986 (6th Cir. Aug. 2, 2011). On remand, the district court again denied Spicer's motion, holding that Spicer's privacy interest in the room terminated when hotel staff attempted to lock him out of the room and that the hotel manager's consent authorized the search. The district court also held that the detectives' initial search constituted a lawful protective sweep. On his second trip to this Court, Spicer appeals the district court's decision after remand. We AFFIRM.

## I.

Spicer checked into the Marriott Courtyard near the Columbus airport at approximately 9:00 p.m. on July 25, 2007. Spicer paid for his room with cash and paid a $100.00 deposit to cover damage and incidental costs. While Spicer was outside his non-smoking room on the morning of July 26, a Marriott housekeeper entered the room to clean. Her assignment sheet indicated the room was "vacant and dirty," even though Spicer had not checked out of the hotel. Upon entry to the room, the housekeeper smelled marijuana smoke and observed marijuana on the floor. Her supervisors were then notified.

Two Marriott employees, the human resources and accounting supervisor and the assistant manager, were sent to the room. They entered the room and confirmed the smell of marijuana and observed marijuana on the floor of the room. The only personal items observed were a t-shirt and a backpack. The backpack was unzipped to check for identification; instead,

2

the backpack contained what appeared to be blocks of drugs wrapped in cellophane. The hotel's general manager then re-keyed the room to secure it and police were called.

When uniformed police officers arrived, they were informed that the hotel had re-taken possession of the room and were taken by the general manager to Spicer's room. The general manager knocked and attempted to open the door with his key. To the surprise of the general manager, Spicer was in the room, pushing on the door from the inside. One of the police officers asked Spicer to step from the room into the hallway where the officers talked to him. About ten minutes later, narcotics detectives arrived and entered the room to make sure no one else was in the room. The detectives, who also confirmed the smell of marijuana smoke, looked in the bathroom and under the bed. They saw the unzipped backpack in plain view on the desk chair with what appeared to be three kilograms of cocaine inside. The police then obtained a search warrant and seized the backpack and 2,790.4 grams of cocaine.

Spicer was indicted by a grand jury and charged with one count of possession with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii). He moved to suppress the drug evidence, and after the district court denied the motion, Spicer entered a conditional plea of guilty, reserving the right to appeal the denial of his suppression motion. Spicer was sentenced to a prison term of 63 months.

On appeal, a prior panel of this Court vacated the district court's order denying Spicer's motion to suppress, finding that the district court had misapplied *United States v. Jacobsen*, 466 U.S. 109 (1984). Relying on this Court's prior decision in *United States v. Allen*, 106 F.3d 695 (6th Cir. 1997), the panel decision confirmed that the private search doctrine does not extend to residential searches, including police searches of hotel rooms premised on private employees' discoveries. This Court remanded the case to the district court with instructions to consider

whether any other exceptions to the Fourth Amendment's warrant requirement applied. On remand, the district court again denied Spicer's motion on two alternative grounds. First, the district court held that Spicer's occupancy of the hotel room had been terminated when the general manager locked Spicer out of the room, extinguishing his privacy interest in the room, and the hotel manager then had the authority to consent to the police search of Spicer's room. It also held, alternatively, that the police were authorized to conduct a protective sweep of the room. The district court found it unnecessary to reach other arguments raised by the government.

**II.**

When reviewing a district court's denial of a defendant's motion to suppress, we review the district court's factual findings for clear error and its legal conclusions *de novo*. *United States v. Graham*, 275 F.3d 490, 509 (6th Cir. 2001). We "consider the evidence in the light most favorable to the government." *United States v. Pearce*, 531 F.3d 374, 379 (6th Cir. 2008) (internal quotation marks and citations omitted). We will affirm the district court's denial of a motion to suppress if its "conclusion can be justified for any reason." *United States v. Pasquarille*, 20 F.3d 682, 685 (6th Cir. 1994).

Spicer argues that the district court erred in determining that his privacy interest in his hotel room had been terminated and that the Marriott general manager could consent to the police search of Spicer's room. He also argues that the district court erred in its determination that the detectives' entry into the room was justified as a protective sweep. The government responds that the district court was correct on both counts but, alternatively, even if the initial warrant was invalid, the district court can be affirmed under the inevitable discovery exception to the exclusionary rule or the good faith exception announced in *Herring v. United States*, 555

U.S. 135 (2009). Because we find that Spicer's occupancy of the hotel room had been properly terminated, we affirm the district court's holding that the Marriott general manager was authorized to consent to the search and find it unnecessary to address the other issues raised by the government.

The Fourth Amendment generally requires police officers to obtain a warrant before searching or seizing "persons, houses, papers, and effects." U. S. Const. amend. IV. The Constitution's protection against a warrantless search and seizure applies to hotel rooms. *Johnson v. United States*, 333 U.S. 10, 17 (1948); *see also Hoffa v. United States*, 385 U.S. 293, 301 (1966); *United States v. Killebrew*, 560 F.2d 729, 733 (6th Cir. 1977) (applying the Fourth Amendment's warrant requirement to searches of motel rooms).

A search conducted pursuant to a valid consent, however, is a well-recognized exception to the Fourth Amendment's warrant requirement. *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973). A third party with authority over property or premises may validly consent to its search. *United States v. Matlock*, 415 U.S. 164, 170 (1974); *Stoner v. California*, 376 U.S. 483 (1964). A hotel employee does not, as a general matter, have authority to consent to a search of a guest's room, *see Stoner*, 376 U.S. at 489-90, or to even enter the room, except for housekeeping purposes, unless (1) the guest consented or (2) the tenancy has terminated. *United States v. Bass*, 41 F. App'x 735, 737 (6th Cir. June 24, 2002) (citing *United States v. Rahme*, 813 F.2d 31, 34 (2d Cir. 1987)). "Once a hotel guest's rental period has expired or been lawfully terminated, the guest does not have a legitimate expectation of privacy in the hotel room or in any article therein of which the hotel lawfully takes possession." *Allen*, 106 F.3d at 699 (internal quotation omitted).

5

A hotel may lawfully terminate a guest's occupancy for unauthorized activity, including possession of illegal drugs. *Id*.; *see also United States v. Lanier*, 636 F.3d 228, 233 (6th Cir. 2011) (finding it "eminently reasonable" for a hotel to terminate occupancy when it "discovers that the guest has been using the room to peddle drugs"). A hotel terminates a guest's occupancy by taking "justifiable affirmative steps to repossess [a] room . . . and to assert dominion and control over it," even if, for some reason, it is unsuccessful in keeping the guest out of the room. *United States v. Cunag*, 386 F.3d 888, 890, 895 (9th Cir. 2004) (holding that a hotel successfully terminated the defendant's occupancy where it tried to lock him out after discovering his credit card fraud but the manager later "discovered to his surprise that someone was in the room" when the manager went back to the room with the police). Once the guest's tenancy is terminated, a hotel employee with hotel given-authority may consent to a search of the guest's former room. *See Allen*, 106 F.3d at 699.

The government argues, and the district court found, that the Marriott's manager had authority to consent to the search of the room because he had terminated Spicer's occupancy of the room by re-keying the room after finding narcotics. We agree. Our decision in *Allen* largely dictates this result. After a one-day stay at the Days Inn, Allen paid for another night but not the deposit for telephone charges. 106 F.3d at 697. After a motel clerk noticed that Allen had incurred telephone charges that reduced his credit balance to an amount insufficient to pay for an extra night of lodging, Allen promised the clerk he would increase his balance but did not do so. *Id*. The manager was informed and he went to Allen's room and knocked on the door. *Id*. When there was no answer, the manager, fearing that Allen had left without paying, used her pass key to enter the room. *Id.* The manager found a large quantity of marijuana in the room.

*Id.* The manager locked the door with a deadbolt lock only she could open, and called the police who searched the room and arrested Allen. *Id.*

We refused to suppress the drugs, finding that "the motel manager divested Allen of his status as an occupant of the room, and concomitantly terminated his privacy interest in its contents." *Id*. at 699. "Once the manager, through private action, took possession of the motel room, Allen could no longer assert a legitimate privacy interest in its contents. The manager's consent to the officers' search was all that was required to avoid constitutional infirmity." *Id.* (citing *Schneckloth*, 412 U.S. at 219).

Here, a hotel employee entered Spicer's room for housekeeping purposes, believing the room to be vacant. The employee observed marijuana and smelled marijuana smoke. She then summoned her supervisor who discovered cocaine in a backpack left in the room. The presence of illegal drugs in the room gave the Marriott cause to lawfully terminate Spicer's occupancy of the room.[1] The hotel's general manager took affirmative steps to repossess the room and assert dominion and control over it. The hotel manager then validly consented to the search of the hotel room.

Finally, Spicer suggests that it makes a difference in this case that the hotel manager's efforts to re-key the room were unsuccessful. It does not. As noted above, the hotel terminates a guest's occupancy by taking "justifiable affirmative steps" to assert its control over the room. It was at that point that Spicer's expectation of privacy was extinguished. *See Cunag*, 386 F.3d at 895 (finding that "affirmative act of repossession by the lessor is the factor that finally obliterates any cognizable expectation of privacy a lessee might have") (internal quotation marks omitted)) (citing *United States v. Dorais*, 241 F.3d 1124, 1129 (9th Cir. 2001).

---

[1] The parties dispute whether the hotel also had reason to terminate Spicer's occupancy based on a violation of the hotel smoking policy. The dispute is irrelevant here because the hotel clearly had grounds to terminate Spicer's occupancy based on the presence of illegal drugs in his room.

**III.**

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.